IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

COREY BARNETT                                                             PLAINTIFF

VS.                                                 CIVIL ACTION NO.4:08cv66-JCS

BART GRIMES, et al.                                              DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

Corey Barnett is a state inmate housed at East Mississippi Correctional Facility (EMCF). Defendants are officials at the correctional facility. Plaintiff brought this civil action pursuant to section 1983 alleging that Defendants failed to protect him from assaults by other inmates, allowed his personal property to be taken, failed to provide him with adequate medical care following an incident of smoke inhalation, and allowed him to be exposed to a chemical agent sprayed on another inmate. Presently before the court is Defendants' motion for summary judgment. Plaintiff has not responded to the motion. Having considered the motion and supporting evidence, the court concludes that the motion should be granted in part and denied in part.

In support of their motion, Defendants argue that most of Plaintiff's claims should be dismissed because Plaintiff has failed to exhaust his administrative remedies as to them. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). In support of their motion, Defendants have

submitted what they characterize as the Administrative Remedies Program file for Plaintiff. The file indicates that Plaintiff filed a grievance concerning an assault by another inmate and loss of property which occurred on October 26, 2007. The file contains no other indication of grievances having been filed.

Exhaustion under the PLR is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 217 (2007). Thus, Defendants bear the burden of proof on this issue. Although they have included records with their motion, the records are not accompanied by any affidavit authenticating them. Furthermore, there is no affidavit or other evidence to establish that these are *all* of Plaintiff's ARP records and that he filed no grievance concerning the other claims in this lawsuit. Defendants' mere assertion in their brief that these are all of Plaintiff's ARP records does not constitute competent evidence for purposes of Rule 56. Accordingly, summary judgment is not warranted on the exhaustion issue.

Nevertheless, the court agrees with Defendants that judgment as a matter of law is warranted on a number of Plaintiff's claims. Plaintiff's claim regarding the personal property which was lost on October 26, 2007 does not raise a constitutional issue. It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517 (1984). This holds equally true for claims of negligent deprivation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Mississippi law affords Plaintiff an adequate post-deprivation remedy. Accordingly, Defendants are entitled to summary judgment on this claim.

To the extent that Plaintiff is attempting to assert a failure-to-protect claim for any

incident other than the one which occurred on October 26, 2007, those claims fail as well. To prevail on a section 1983 failure to protect claim, the prisoner must demonstrate that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998). Although Plaintiff has made general allegations concerning Defendants' failure to protect him from assaults by other inmates, he has failed to identify any other specific occasion on which any Defendant ignored a known risk posed by an inmate to Plaintiff and which was followed by an assault on Plaintiff by that inmate.[1] Accordingly, the court concludes that the he has failed to state a claim for any other incident concerning a failure to protect him.

Plaintiff also alleges that he was denied adequate medical care for asthma attacks in June of 2008. According to Plaintiff, his asthma worsened following an incident on June 12, 2008 when smoke came into his cell through the ventilation system. Plaintiff testified that when he saw a physician several weeks later, the physician increased his asthma medication. Where the wrong complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a prisoner must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756

---

[1]The court examined Plaintiff extensively on this issue at the omnibus hearing.

(5th Cir. 2001). Plaintiff's allegations do not rise to this level. Furthermore, Plaintiff has failed to identify any named Defendant who was responsible for any refusal to provide him treatment. Accordingly, Defendants are entitled to judgment on Plaintiff's medical claims.

Plaintiff's claim regarding being exposed to a chemical agent fails for similar reasons. At most, he alleges negligence on the part of unidentified prison officials; there is no allegation approaching deliberate indifference to a serious risk of harm. This claim will likewise be dismissed.

Defendants' motion is denied as to Plaintiff's failure-to-protect claim against Defendants Bookert, Grimes and Gillespie concerning the October 26, 2007 assault by Michael Moore. The motion is granted as to all other claims, and they are hereby dismissed.

So ordered, this the 29th day of June, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE