IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

COREY BARNETT                                                             PLAINTIFF

VS.                                                     CIVIL ACTION NO.4:08cv66-JCS

BART GRIMES, et al.                                          DEFENDANTS

<u>ORDER</u>

This cause is before the court on Plaintiff's motion for preliminary injunctive relief. Having considered the motion, the court concludes for the reasons set forth herein that it should be denied.

Plaintiff alleged in his complaint that Defendants violated his constitutional rights by failing to protect him from assaults and robberies by other inmates on numerous occasions and by bringing disciplinary proceedings against him in violation of the due process clause. In the present motion, he seeks to have all of his RVR's expunged, to be reclassified and released from administrative segregation, to be moved to a safer environment of his choice, and to be reimbursed for loss of property. He also requests that an investigation and disciplinary action be initiated regarding excessive use of force against him by prison officials and that the prison staff be enjoined from harassing and retaliating against him.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). That test requires that a plaintiff seeking injunctive relief establish (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will

suffer irreparable injury if the injunction is not granted; (3) that the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) that granting the injunction will not disserve the public interest. *Mississippi Power & Light Co.*, 760 F.2d at 621. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order. *Id*.

Since the filing of the present motion, all of Plaintiff's claims have been dismissed except for a failure-to-protect claim regarding a single assault on October 26, 2007. As a result, the court concludes that there is no possibility of success on the merits for any underlying claim directly related to any of the injunctive relief sought by Plaintiff other than his request to be removed from administrative segregation and placed in a safer environment. As to this request, Plaintiff has failed to identify any specific unconstitutional condition or practice which makes his current housing situation unsafe such that the court could fashion a remedy for it. For this reason, Plaintiff's motion is hereby denied.

So ordered, this the 29th day of September, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE